UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOMETRUST BANK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| **SOUTHWAY CARRIERS, INC.**, | ) |
| Serve: Alex Imbronjev, Registered Agent | ) |
| 205 Redding Court | ) |
| Oswego, IL 60543 | ) |
| | ) |
| *Service via Special Process Server* | ) |
| | ) |
| and | ) |
| | ) |
| **IVAN BOJIC**, | ) |
| Serve: 13693 Mandarin Drive | ) |
| Naples, Florida 34109 | ) |
| | ) |
| *Service via Special Process Server* | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

COMES NOW Plaintiff HomeTrust Bank (the "**Bank**") and, for its Complaint against Defendants Southway Carriers, Inc. ("**Borrower**") and Ivan Bojic ("**Guarantor**") (collectively, "**Defendants**"), states to this Honorable Court as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

*Parties, Jurisdiction and Venue*

1. At all times relevant herein, the Bank was and is a nationally chartered banking association, organized and existing pursuant to the laws of the State of North Carolina, and having its main office for conducting business in the County of Mecklenburg, State of North Carolina.

1

2. At all times relevant herein, Borrower was and is an Illinois corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business in the County of Collier, State of Florida.

3. At all times relevant herein, Guarantor was and is a resident of the State of Florida, having his principal place of residence in the County of Collier, State of Florida.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the amount in controversy, exclusive of interest and costs exceeds $75,000.00, and there is complete diversity of citizenship between the Bank and Defendants.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Borrower may be found in this judicial district.

*The First Note*

6. On or about April 5, 2021, Borrower executed that certain Promissory Note and Loan Security Agreement numbered 104845 in the original principal amount of $160,995.00 in favor of the Bank for the purpose of financing certain equipment (the "**First Note**"). A true and accurate copy of the First Note is attached hereto and incorporated herein by reference as the Bank's **Exhibit "1"**.

7. The First Note is secured by that certain equipment described in Schedule C-1 of the First Note as one (1) 2020 Freightliner Coronado, bearing the following serial number: 3ALXF8008LDLX9354 (the "**2020 Truck**"). Exhibit "1" at 9.

8. Borrower promised to make monthly payments to the Bank as set forth in Schedule B-1 of the First Note. Exhibit "1" at 8.

9. The First Note provides that interest will accrue at the rate of 6.19% per annum. Exhibit "1" at 8.

10. The First Note further provides that, in the event any regularly scheduled payment due thereunder is more than ten (10) days late, Borrower agrees to pay a late charge of five percent (5.0%) of each installment or part thereof for which said payment or other amount shall be delinquent. Exhibit "1" at 1.

11. The First Note also provides that, in the event of default thereunder, the Bank has the right to accelerate the obligations of Borrower under the First Note including, among other things, demanding immediately due and payable the outstanding principal, the accrued and unpaid interest thereunder and thereon, and the other fees described therein. Exhibit "1" at 3.

12. The First Note provides that, in the event a payment is returned based on insufficient and/or unavailable funds upon which such payment was drawn, a minimum insufficient funds charge of thirty-five dollars ($35.00) will be incurred by Borrower. Exhibit "1" at 1.

13. The First Note also provides that Borrower agrees to pay the Bank's reasonable attorneys' fees, costs and expenses incurred as a result of the Bank enforcing its rights and remedies under the First Note. Exhibit "1" at 3.

*The First Note Guaranty*

14. The First Note is secured by, among other things, that certain Guaranty/Suretyship Agreement (the "**First Note Guaranty**"), executed by Guarantor in favor of the Bank in consideration of the Bank's execution of the First Note Guaranty, whereby Guarantor unconditionally guaranteed the full and punctual payment and satisfaction of the indebtedness of Borrower to the Bank, and the performance and discharge of all Borrower's obligations under the First Note and the related documents then existing and thereafter arising or acquired. Exhibit "1" at 11.

*The Second Note*

15.     On or about November 17, 2021, Borrower executed that certain Promissory Note and Loan Security Agreement numbered 105778 in the original principal amount of $141,795.00 in favor of the Bank for the purpose of financing certain equipment (the "**Second Note**"). A true and accurate copy of the Second Note is attached hereto and incorporated herein by reference as the Bank's **Exhibit "2"**.

16.     The Second Note is secured by that certain equipment described in Schedule C-1 of the First Note as one (1) 2016 Peterbilt 579 Truck, bearing the following serial number: 1NPBGGGG60D44B423 (the "**2016 Truck**"). Exhibit "2" at 6.

17.     Borrower promised to make monthly payments to the Bank as set forth in Schedule B-1 of the Second Note. Exhibit "2" at 5.

18.     The Second Note provides that interest will accrue at the rate of 6.75% per annum. Exhibit "2" at 5.

19.     The Second Note further provides that, in the event any regularly scheduled payment due thereunder is more than ten (10) days late, Borrower agrees to pay a late charge of five percent (5.0%) of each installment or part thereof for which said payment or other amount shall be delinquent. Exhibit "2" at 1.

20.     The Second Note also provides that, in the event of default thereunder, the Bank has the right to accelerate the obligations of Borrower under the Second Note including, among other things, demanding immediately due and payable the outstanding principal, the accrued and unpaid interest thereunder and thereon, and the other fees described therein. Exhibit "2" at 3.

21.     The Second Note provides that, in the event a payment is returned based on insufficient and/or unavailable funds upon which such payment was drawn, a minimum

4

insufficient funds charge of thirty-five dollars ($35.00) will be incurred by Borrower. Exhibit "2" at 1.

22. The Second Note also provides that Borrower agrees to pay the Bank's reasonable attorneys' fees, costs and expenses incurred as a result of the Bank enforcing its rights and remedies under the Second Note. Exhibit "2" at 3.

*The Second Note Guaranty*

23. The Second Note is secured by, among other things, that certain Guaranty/Suretyship Agreement (the "**Second Note Guaranty**"), executed by Guarantor in favor of the Bank in consideration of the Bank's execution of the Second Note Guaranty, whereby Guarantor unconditionally guaranteed the full and punctual payment and satisfaction of the indebtedness of Borrower to the Bank, and the performance and discharge of all Borrower's obligations under the Second Note and the related documents then existing and thereafter arising or acquired. Exhibit "2" at 7.

**COUNT I**
**(Breach of First Note vs. Borrower)**

COMES NOW the Bank and, for Count I of its Complaint against Borrower, states to this Honorable Court as follows:

24. The Bank realleges, restates and incorporates by reference each and every allegation set forth in the Allegations Common to All Counts as if more fully set forth herein.

25. The Bank has performed all of its duties and obligations under the First Note, or in the alternative, the Bank is excused from further performance under the First Note by virtue of Borrower's breaches as hereinafter set forth.

26. All conditions precedent to Borrower's performance under the First Note have occurred.

27. Borrower has failed and refused to adhere to the terms of the First Note and has breached the terms of the First Note by failing to make the payments due thereunder.

28. As a result of Borrower's defaults and breaches of the Borrower as aforesaid, the Bank accelerated the entire balances of all principal, interest and late charges, plus all other sums due to the Bank under the First Note and declared the same immediately due and payable to the Bank.

29. As of August 14, 2023, after applying all credits, the following sums are due under the First Note, exclusive of attorneys' fees and costs:

| | |
|---|---|
| Principal | $102,584.91 |
| Pre-Payment Charge | $1,025.85 |
| Late Charges | $469.17 |
| Unamortized Fees | $2,352.75 |
| Interest | $2,046.11 |
| Total Due | $104,478.79 |

30. Demand for payment under the First Note has been made upon Borrower, but Borrower has failed and refused and continues to refuse to satisfy the terms of the First Note, and the aforesaid sums are still due and owing.

31. As a direct and proximate result of the breach of the First Note as aforesaid, the Bank has been damaged in the sum of $104,478.79, plus interest accruing from the date of default until the date of judgment at the rate of 6.19%, plus the Bank's attorneys' fees and costs expended enforcing the First Note.

WHEREFORE, Plaintiff HomeTrust Bank prays that judgment be entered in Count I in favor of Plaintiff HomeTrust Bank and against Borrower Southwest Carriers, Inc. in the sum of $104,478.79; for prejudgment interest at the rate of 6.19% from the date of default until the date of judgment; for post-judgment interest from the date of judgment until the date of satisfaction at

the maximum rate allowable under law; for an award of Plaintiff HomeTrust Bank's attorneys' fees and costs; and for such other relief as the Court deems just and proper in the circumstances.

## COUNT II
### (Breach of Second Note vs. Borrower)

COMES NOW the Bank and, for Count II of its Complaint against Borrower, states to this Honorable Court as follows:

32. The Bank realleges, restates and incorporates by reference each and every allegation set forth in the Allegations Common to All Counts and Count I as if more fully set forth herein.

33. The Bank has performed all of its duties and obligations under the Second Note, or in the alternative, the Bank is excused from further performance under the Second Note by virtue of Borrower's breaches as hereinafter set forth.

34. All conditions precedent to Borrower's performance under the Second Note have occurred.

35. Borrower has failed and refused to adhere to the terms of the Second Note and has breached the terms of the Second Note by failing to make the payments due thereunder.

36. As a result of Borrower's defaults and breaches of the Borrower as aforesaid, the Bank accelerated the entire balances of all principal, interest and late charges, plus all other sums due to the Bank under the Second Note and declared the same immediately due and payable to the Bank.

37. As of August 14, 2023, after applying all credits, the following sums are due under the Second Note, exclusive of attorneys' fees and costs:

| | |
|---|---|
| Principal | $96,118.44 |
| Pre-Payment Charge | $1,025.85 |
| Late Charges | $338.72 |

| | |
|---|---|
| Unamortized Fees | $2,478.46 |
| Interest | $1,856.29 |
| Total Due | $102,714.28 |

38. Demand for payment under the Second Note has been made upon Borrower, but Borrower has failed and refused and continues to refuse to satisfy the terms of the Second Note, and the aforesaid sums are still due and owing.

39. As a direct and proximate result of the breach of the Second Note as aforesaid, the Bank has been damaged in the sum of $102,714.28, plus interest accruing from the date of default until the date of judgment at the rate of 6.75%, plus the Bank's attorneys' fees and costs expended enforcing the Note.

WHEREFORE, Plaintiff HomeTrust Bank prays that judgment be entered in Count II in favor of Plaintiff HomeTrust Bank and against Borrower Southway Carriers, Inc. in the sum of $102,714.28, if any; for prejudgment interest at the rate of 6.75% from the date of default until the date of judgment; for post-judgment interest from the date of judgment until the date of satisfaction at the maximum rate allowable under law; for an award of Plaintiff HomeTrust Bank's attorneys' fees and costs; and for such other relief as the Court deems just and proper in the circumstances.

## COUNT III
**(Breach of First Note Guaranty vs. Guarantor)**

COMES NOW the Bank and, for Count III of its Complaint against Guarantor, states to this Honorable Court as follows:

40. The Bank realleges, restates and incorporates by reference each and every allegation set forth in the Allegations Common to All Counts, Count I, and Count II as if more fully set forth herein.

41. For good and valuable consideration and for the purpose of inducing the Bank to loan funds to Borrower pursuant to the First Note, Guarantor executed and unconditionally delivered the First Note Guaranty to Plaintiff.

42. The Bank relied on the First Note Guaranty in deciding whether to loan funds to Borrower pursuant to the First Note.

43. All conditions precedent to Guarantor's performance under the First Note Guaranty have occurred.

44. Demand for payment has been made upon Guarantor, but Guarantor has failed and refused and continues to refuse to satisfy the terms of the First Note Guaranty, and the amounts as hereinafter set forth remain due and owing.

45. Guarantor has breached the First Note Guaranty by failing to pay the Bank.

46. Pursuant to the terms of the First Note Guaranty, Guarantor is also indebted to the Bank for all costs of collection incurred in any dispute regarding or enforcement of the First Note Guaranty, including attorneys' fees.

47. As a direct and proximate result of Guarantor's breach of the First Note Guaranty as aforesaid, as of August 14, 2023, the Bank has been damaged in the total sum of $104,478.79, plus interest accruing from the date of default until the date of judgment at the rate of 6.19%, plus the Bank's attorneys' fees and costs.

WHEREFORE, Plaintiff HomeTrust Bank prays that this Honorable Court enter judgment in Count III in favor of Plaintiff HomeTrust Bank and against Guarantor Ivan Bojic in the sum of $104,478.79; for prejudgment interest at the rate of 6.19% from the date of default until the date of judgment; for post-judgment interest from the date of judgment until the date of satisfaction at the maximum rate allowable by law; for an award of Plaintiff HomeTrust Bank's reasonable

attorneys' fees and costs; and for such other relief as the Court deems just and proper in the circumstances.

## COUNT IV
### (Breach of Second Note Guaranty vs. Guarantor)

COMES NOW the Bank and, for Count IV of its Complaint against Guarantor, states to this Honorable Court as follows:

48. The Bank realleges, restates and incorporates by reference each and every allegation set forth in the Allegations Common to All Counts, Count I, Count II, and Count III as if more fully set forth herein.

49. For good and valuable consideration and for the purpose of inducing the Bank to loan funds to Borrower pursuant to the Second Note, Guarantor executed and unconditionally delivered the Second Note Guaranty to the Bank.

50. The Bank relied on the Second Note Guaranty in deciding whether to loan funds to Borrower pursuant to the Second Note.

51. All conditions precedent to Guarantor's performance under the Second Note Guaranty have occurred.

52. Demand for payment has been made upon Guarantor, but Guarantor has failed and refused and continues to refuse to satisfy the terms of the Second Note Guaranty, and the amounts as hereinafter set forth remain due and owing.

53. Guarantor has breached the Second Note Guaranty by failing to pay the Bank.

54. Pursuant to the terms of the Second Note Guaranty, Guarantor is also indebted to the Bank for all costs of collection incurred in any dispute regarding or enforcement of the Second Note Guaranty, including attorneys' fees.

55. As a direct and proximate result of Guarantor's breach of the Second Note Guaranty as aforesaid, as of August 14, 2023, the Bank has been damaged in the total sum of the sum of $102,714.28, plus interest accruing from the date of default until the date of judgment at the rate of 6.75%, plus the Bank's attorneys' fees and costs.

WHEREFORE, Plaintiff HomeTrust Bank prays that this Honorable Court enter judgment in Count IV in favor of Plaintiff HomeTrust Bank and against Guarantor Ivan Bojic in the sum of $102,714.28; for prejudgment interest at the rate of 6.75% from the date of default until the date of judgment; for post-judgment interest from the date of judgment until the date of satisfaction at the maximum rate allowable by law; for an award of Plaintiff HomeTrust Bank's reasonable attorneys' fees and costs; and for such other relief as the Court deems just and proper in the circumstances.

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ Katherine I. McLaughlin
Katherine I. McLaughlin, (*phv pending*)
150 N. Meramec Ave., Ste. 400
St. Louis, MO 63105
(314) 721-2525 ph.
(314) 721-5525 fax
kmclaughlin@jenkinskling.com

*Attorneys for Plaintiff HomeTrust Bank*